MANN, Chief Judge.
This record is full of ambiguities and we affirm on a very narrow basis. The complaint seeks, in addition to cancellation of claims of lien, a declaratory judgment. The final judgment cancels those claims of lien but does not declare the plaintiff’s rights in relation to certain restrictions recorded in 1963, two years prior to the conveyance to the plaintiffs. As to the particular claims of lien, the defendants concede the point and the appeal has proceeded to raise certain theoretical questions not considered by the trial judge.
In conceding the correctness of the plaintiff’s claim that the McElveys were not subject to assessments for maintenance of private roads, the defendants have avoided a question involved in Petersen v. Beekmere, Inc., 1971, 117 N.J.Super. 155, 283 A.2d 911. In that case, as in this one, a “neighborhood scheme” was clearly contemplated by the developers of property but the obligation to pay expenses of commonly used facilities was not imposed on all residents. The lack of uniformity was held to vitiate the scheme. Whether that is true in this case is an open question.
Taken in their entirety the intent of the restrictions is plain, and it is to create a desirable neighborhood and provide for its maintenance at the expense of all the residents of the community.
Affirmative burdens may be placed upon property owners and these may require the payment of such sums as are necessary to maintain facilities devoted to common use.
As the matter stands, the McElveys do not complain that the trial judge stopped short of declaring their rights as they had requested him to do. All that the final judgment seems to stand for is that they need not pay the sums demanded by the Lakewood Community Association for three particular years, and the association agrees to this result. Consequently, while *104 we have no argument with the legal principles asserted by appellants in their brief, we are compelled to agree with the appel-lee that the question sought to be raised was not raised in the trial court and is not properly presented for consideration in this court.
Affirmed.
McNULTY and BOARDMAN, JJ., concur.